# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**BAUTISTA CAYMAN ASSET COMPANY,**

    **Plaintiff,**

    v.

**JOSE LUIS MARTINEZ GONZALEZ A/K/A/ JOSE MARTINEZ GONZALEZ,**

    **Defendant.**

Civil No. 17-2337 (ADC)

## OPINION AND ORDER

**I.**     **Introduction**

Plaintiff Bautista Cayman Asset Company ("plaintiff" or "Bautista") filed a motion for summary judgment, **ECF No. 20**, and proposed order for summary judgment, **ECF No. 21**. Defendant José Luis Martínez González a/k/a José Martínez González ("defendant") has not opposed the motion for summary judgment. The Court **GRANTS** plaintiff's motion for summary judgment . **ECF No. 20**. The proposed order is **NOTED**. **ECF No. 21**.

**II.**     **Summary Judgment Standard**

A party is entitled to summary judgment "when there is no genuine issue of any material fact on the record and that party is entitled to judgment as a matter of law." *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 83 (1st Cir. 2016) (citations omitted); *see* Fed. R. Civ. P. 56(a). "An issue is genuine if it can be resolved in favor of either party, and a fact is material if it has the potential

of affecting the outcome of the case." *Xiaoyan Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016) (citation and internal quotation marks omitted). Although the Court states the facts in the light most favorable to the party against whom summary judgment is entered, *id.*, the Court is still required "to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed," *Adria Int'l Grp., Inc. v. Ferré Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001) (citation omitted).

In order to defeat a properly supported motion for summary judgment, the non-moving party must set forth facts showing that there is a genuine dispute for trial. *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011). "When a non-moving party fails to file a timely opposition to an adversary's motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as uncontested all evidence presented with that motion." *Pérez-Cordero v. Wal-Mart Puerto Rico*, 440 F.3d 531, 533–34 (1st Cir. 2006). The Court must still scrutinize the summary judgment motion under the terms of Federal Rule of Civil Procedure but, "[i]n most cases, a party's failure to oppose summary judgment is fatal to its case." *Id.* at 534.

### III. Findings of Fact[1]

1. On August 31, 2002, Doral Mortgage Corp. ("Doral Mortgage") and defendant executed a mortgage note payable to Doral Mortgage, or to its order, thereafter endorsed to Bautista, for the principal amount of $352,100 with an annual interest

---

[1] The findings of fact are derived from plaintiff's statement of uncontested facts and further substantiated by additional sources listed within the text of the decision. **ECF No. 20-1**.

rate of 7.95%, authenticated under affidavit number 2192 of Notary Public Miguel A. Rivera Rosendo (the "Mortgage Note"). **ECF No. 1-1.**

2. The Mortgage Note is guaranteed by a mortgage constituted through Deed Number 394 of August 31, 2002, before Notary Public Miguel A. Rivera Rosendo, recorded at page 116 of volume 1316 of Guaynabo (the "Mortgage"). **ECF No. 1-2**.

3. The Mortgage was modified by deed number 56, executed in San Juan on February 26, 2010, before Notary Public Magda V. Alsina Figueroa to amend the Mortgage whereby, among other things: (a) Doral partially canceled the Mortgage in consideration for the sum of $10,071.46; and (b) the principal amount of the Mortgage, after the partial cancellation, was reduced to $342,028.54 ("Modification I"). **ECF No. 1-4**. The amended principal amount under Modification I is evidenced by an amendment to the Mortgage Note executed on February 26, 2010, in the amount of $342,028.54 with interest at an annual rate of 7.50%, recorded through deed number 56 ("Allonge I"). **ECF No. 1-6.**

4. The Mortgage was further modified by deed number 173 executed in San Juan on February 19, 2013, before Notary Public David Toledo David to amend the Mortgage whereby, among other things, the principal amount of the Mortgage was increased to $381,555.39 ("Modification II"). **ECF No. 1-8**. The amended principal amount under Modification II is evidenced by an amendment to the Mortgage

Note executed on February 19, 2013, in the amount of $381,555.39, recorded through deed number 173 ("Allonge II"). **ECF No. 1-10.**

5. Bautista is the owner and holder by endorsement of the Mortgage Note and the Mortgage, as described in the Complaint. **ECF No. 20-1**.

6. The mortgage note is secured by a mortgage encumbering a property located in Pueblo Viejo Ward of the municipality of Guaynabo, Puerto Rico, described as:

   **URBAN**: Plot of land # 13 of block A, with a surface area of 651.50 square meters at Extension Caparra Development of Pueblo Viejo Ward of Guaynabo, Puerto Rico. Its boundaries are: by the NORTH, in 20.00 meters, with street # 3; by the EAST, in 32.59 meters, with plot # 14 of said block A; by the SOUTH, with street # 4 of the development; and by the WEST, in 32.56 meters, with plot # 12 of said block A. It contains a reinforced concrete dwelling.

7. The Property is described in the Spanish language as follows:

   **URBANA**: Solar número trece (13) de la manzana "A" compuesto de seiscientos cincuenta y uno punto cincuenta (651.50) metros cuadrados, en la Urbanización Extensión Caparra del Barrio Pueblo Viejo de Guaynabo, Puerto Rico, colinda por el Norte, en una distancia de veinte (20.00) metros, con la calle número tres (3) de la Urbanización que es su frente; por el Este, en una distancia de treinta y dos punto cincuenta y nueve (32.59) metros, con el solar número catorce (14) de dicha manzana "A"; por el Sur, con la calle número cuatro (4) de la urbanización; y por el Oeste, en una distancia de treinta y dos punto cincuenta y seis (32.56) metros, con el solar número doce (12) de dicha manzana "A". Enclava una casa.

8. The property described above is recorded at page 115 of volume 72 of Guaynabo, property number 3,303, Registry of Property of Guaynabo. **ECF No. 20-3**.

9. The Mortgage is duly registered at page 116 of volume 1316 of Guaynabo, property number 3,303. *Id.*

10. Modification I is duly registered at page 116 of volume 1316 of Guaynabo, property number 3,303. *Id*.

11. Modification II is duly registered at page 116 of volume 1316 of Guaynabo, property number 3,303. *Id*.

12. Pursuant to Modification II, it was agreed that the amount of $381,555.39 would serve as the initial bidding amount. **ECF No. 1-8.**

13. Defendant is the owner of the property according to the Registry of Property. **ECF Nos. 13** at 4; **20-3.**

14. The Mortgage includes an Assignment of Rents as additional security thereunder, whereby defendant assigned and created a security interest in favor of Doral Mortgage, subsequently endorsed in favor of Bautista, over the rents derived from the property, including those past due, upon acceleration of the Loan Agreement consequent to defendant's breach of the obligations set forth therein. **ECF No. 1-2** at 17–18.

15. Defendant has not satisfied his payment obligations and is in default as of at least April 27, 2016. **ECF No. 13** at 4, 5 (defendant admitting in his answer to the complaint that he is in default).

16. On March 28, 2016, Bautista sent a Notice of Default to defendant, informing his failure to comply with the monthly payments as agreed in the Mortgage and subsequent modifications. Bautista accelerated the amounts owed and declared

that all the obligations under the Mortgage, as modified, are immediately and automatically due and payable in full. **ECF No. 1-11.**

17. On November 30, 2017, the Plaintiff filed the instant Complaint for collection of monies and foreclosure of mortgage. **ECF No. 1**.

18. Defendant filed an answer to the Complaint on February 16, 2018. **ECF No.13**.

19. Defendant has not cured his default and has not opposed summary judgment.

20. As of July 5, 2018, defendant owes Bautista under the Mortgage the total amount of $461,771.91. This amount is composed by the following: a sum of $338,382.56 in principal; interests in the amount of $43,114.94 which continues to accrue until full payment of the debt at $31.84 *per diem*; accrued late charges in the amount of $3,019.06; an additional amount resulting of Modification I and Modification II in the sum of $36,557.81; and any other advance, charge, fee or disbursements made by Bautista, on behalf of defendant, in accordance with the Mortgage, as amended, as well as under the other loan documents, as amended, plus costs and agreed attorney's fees in the amount of $38,155.54. **ECF No. 20-2.**

21. All the documents described in and appended to the complaint and motion for summary judgment are true and correct copies of the mortgage and other loan documents at issue. **ECF Nos. 1; 20, 21**.

## III. Analysis

Defendant has failed to comply with the terms of the note and the mortgage deed, and has breached his duty to pay the monthly installments due from April 27, 2016, until the present day. After declaring all the indebtedness of defendant due and payable, defendant owes plaintiff a total of $461,771.91. This amount is composed by the following: a sum of $338,382.56 in principal; interests in the amount of $43,114.94 which continues to accrue until full payment of the debt at $31.84 *per diem*; accrued late charges in the amount of $3,019.06; an additional amount resulting of Modification I and Modification II in the sum of $36,557.81; and any other advance, charge, fee or disbursements made by Bautista, on behalf of defendant, in accordance with the Mortgage, as amended, as well as under the other loan documents, as amended, plus costs and agreed attorney's fees in the amount of $38,155.54.

In light of the statement of uncontested facts, **ECF No. 20-1**, and the record before the Court—which includes the mortgage, **ECF No. 1-1**; the mortgage note, **ECF No. 1-2**; the mortgage modifications, **ECF Nos. 1-4, 1-6, 1-8, 1-10**; a title search, **ECF No. 20-3**; and a sworn statement of debt, **ECF No. 20-2**—the Court finds that there is no genuine dispute as to any material fact. Furthermore, the Court finds that plaintiff is entitled to judgment as a matter of law, as it is the owner of the mortgage note, and defendant has breached the terms of the loan agreement.

**IV.     Conclusion**

The Court **GRANTS** plaintiff's motion for summary judgment, **ECF No. 20**. The filing at **ECF No. 21** is **NOTED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 13th day of December, 2018.

                                                    **S/AIDA M. DELGADO-COLÓN**
                                                    **United States District Judge**